NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  VINODH RAGHUBIR,**

*Petitioner*

---

2021-102

---

On Petition for Writ of Mandamus to the United States Court of Federal Claims in No. 1:20-cv-00388-EGB, Senior Judge Eric G. Bruggink.

---

## ON PETITION AND MOTION

---

PER CURIAM.

### O R D E R

Vinodh Raghubir files a "Petition for Writ of Prohibition and/or Mandamus" from the August 28, 2020 decision of the United States Court of Federal Claims dismissing his complaint for lack of subject matter jurisdiction.  ECF No. 2.  Mr. Raghubir also moves to waive fees and for leave to proceed *in forma pauperis*.  ECF Nos. 5 and 6.  The United States opposes the motion to waive the docketing fee and moves for summary affirmance.  ECF No. 9.

Mr. Raghubir, who is currently incarcerated in a Florida state prison, filed the underlying complaint at the Court of Federal Claims, alleging a conspiracy among state

and federal judges and officials to imprison him, false imprisonment, and denial of his civil rights. On August 28, 2020, the Court of Federal Claims *sua sponte* dismissed the complaint for lack of jurisdiction. On October 15, 2020, Mr. Raghubir filed this petition.

We must deny Mr. Raghubir's petition. A party seeking a writ of mandamus or prohibition bears the burden of demonstrating to the court that it has no "adequate alternative" means to obtain the desired relief, *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," *Will v. Calvert Fire Ins.*, 437 U.S. 655, 666 (1978) (internal quotation marks omitted). Mr. Raghubir has not established a clear and indisputable right to relief or that a direct appeal from the judgment would not be an adequate remedy.

Although we may treat his petition as a notice of appeal, we see no reason to allow this matter to proceed further. *See* 28 U.S.C. § 1915(e)(2)(B) ("[T]he court shall dismiss the case at any time if the court determines that . . . [the] appeal . . . is frivolous . . . ."). The only jurisdictional grant of possible relevance here, the Tucker Act, gives the Court of Federal Claims authority over claims for money damages against the United States based on a source of substantive law that "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (citations and internal quotation marks omitted). Mr. Raghubir raises no non-frivolous argument that the Court of Federal Claims erred in concluding that his claims fall outside that limited grant of jurisdictional authority.

Mr. Raghubir suggests that the Court of Federal Claims has jurisdiction because his complaint raised a breach of contract claim. But the only such assertion raised in his complaint was a breach of an implied contract set forth in the oath of office taken by the judges presiding

over his prior litigation leading to his incarceration. There is no non-frivolous argument that the Court of Federal Claims has jurisdiction over such a claim. *See Taylor v. United States*, 747 F. App'x 863, 863–64 (Fed. Cir. 2019) (affirming the Court of Federal Claims' dismissal for lack of jurisdiction over allegations of "breached contracts arising from various oaths of office"). Likewise, Mr. Raghubir's vague allegations of constitutional due process and equal protection violations cannot support jurisdiction. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the Due Process Clause of the Fourteenth and Fifth Amendments and the Equal Protection Clause of the Fourteenth Amendment do not generally authorize suit for damages against the federal government). Finally, there is no non-frivolous argument to be made that the Court of Federal Claims had jurisdiction to review his prior criminal cases or over any tort or criminal violation relating to the alleged conspiracy to keep him incarcerated. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994).

Accordingly,

IT IS ORDERED THAT:

The petition and all pending motions are dismissed.

FOR THE COURT

December 22, 2020          /s/ Peter R. Marksteiner
Date                      Peter R. Marksteiner
                         Clerk of Court

s28